## Case No. 15,446.

### UNITED STATES v. The ISAAC HAMMETT.

[2 Pittsb. Rep. 358; 4 West. Law Month. 486; 10 Pittsb. Leg. J. 97; 4 Leg. & Ins. Rep. 170.]

District Court, W. D. Pennsylvania. Oct., 1862.

ADMIRALTY JURISDICTION—PARTNERSHIP ACCOUNTS —FORFEITURES—WAR OF REBELLION—CONFISCATION OF ENEMY's PROPERTY.

1. Partnership accounts cannot be settled in a court of admiralty.

2. Nor in a case of forfeiture, can a claim for alleged balances due by a part owner or copartner be entertained.

3. The sentence of confiscation, if rendered, rises superior to all liens and equities.

4. The rebellious states of the Union are public enemies, and no claim of a citizen or subject of an enemy's country can be received.

5. Every resident of a hostile place or country is regarded in such court as a citizen or subject.

6. His property, when libelled at the suit of the government, is condemned, without his being heard, as that of an enemy.

In admiralty.

Kirkpatrick & Mellon, for claimants.
Mr. Carnahan, U. S. Dist. Atty.

McCANDLESS, District Judge.   This is a libel upon information of the United States district attorney, and a seizure by the marshal, of the steamboat Isaac Hammett, three-sixteenths of which is the property of Victor Wilson, a citizen and inhabitant of the state of Mississippi. The other interests in the boat are held by William Dunshee and others, citizens of Pennsylvania, who have intervened, and, in behalf of themselves and Wilson, have put in an answer, claiming the boat as partnership assets, and that Wilson is largely indebted, as well to creditors as themselves. The firm is styled the "Mississippi Coal Company," with extensive works on the Monongahela river, and engaged in mining and shipping coal to Vicksburg, in the state of Mississippi, and to towns and cities on the coast of Louisiana. Affidavits were also filed declaring the loyalty of Wilson, and it was urged that he could not visit Pennsylyania, or answer in person, owing to the hostilities existing between the two sections of the Union.

To this answer, the counsel for the government demurred, which presents two questions for the consideration of the court:

First. As to the partnership claims. We cannot settle partnership accounts in a court of admiralty; that belongs to another forum; nor can we, in a case of forfeiture, entertain a claim for alleged balances due by a part owner or copartner. The sentence of confiscation, if rendered, rises superior to all liens and equities.

The other question raised by the demurrer is whether we can hear a part owner, who is a citizen and resident of a state in rebellion against the government. This point has been decided by my Brother Cadwalader at Philadelphia, and the decision affirmed by Judge Gier, since the argument of this case. . The rebellious states of the Union are treated as public enemies, and it is held that "no claim of any citizen or subject of an enemy's country can be received, and every resident of a hostile place or country, is regarded in such court as a citizen or subject." His property, "when libelled, at the suit of the captors or their government, is condemned, without his being heard. as that of an enemy." Such being the law, we must decree a confiscation of the vessel, to the extent of three-sixteenths owned by Victor Wilson. Fortunately for the parties, there is a saving clause in the act of congress, conferring upon the secretary of the treasury full power to relieve the party, when a proper case is presented for his action. The loyalty of Victor Wilson is established to the satisfaction of this court, and we think the proceedings here call for the interposition of the secretary.

Decree of confiscation as to the three-sixteenths owned by Victor Wilson. The residue released.